UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVELL BUCEAN WILSON,<br><br>Plaintiff,<br><br>v.<br><br>TODD MANNING, et al.,<br><br>Defendants. | No. 2:21-cv-1801 DAD AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.

I.     Application to Proceed In Forma Pauperis

On January 13, 2023, the undersigned recommended that plaintiff's application to proceed in forma pauperis be denied because plaintiff's application stated that he had $1,100.00 available, and his trust account statement showed that he had "maintained an account balance ranging between $1,041 and $1,751 in the four months preceding the initiation of this action." ECF No. 16. Plaintiff has now filed objections to the findings and recommendations in which he states that the money reflected in his application was from his one-time, economic impact payment, that his trust account balance is now below $60.00, and that he does not have any current income. ECF No. 17. A copy of a more recent trust account statement is attached. Id. at 3. In light of plaintiff's objections, the findings and recommendations will be withdrawn and plaintiff's motion to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C.

§§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman,

1  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
2  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
3  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
4  speculative level." Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain
5  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
6  cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
7  R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

8       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
9  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
10 Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
11 content that allows the court to draw the reasonable inference that the defendant is liable for the
12 misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this
13 standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
14 Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
15 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
16 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

17     III.    Complaint

18      The complaint alleges that defendants Manning, Altamirano, Matharu, and Moseley
19 violated plaintiff's rights under the First, Eighth, and Fourteenth Amendments and the Nelson
20 Mandela Rules. ECF No. 1.  Plaintiff alleges that Altamirano, his counselor, was angry at
21 plaintiff for reporting her close co-worker to internal affairs for harassment, and retaliated against
22 him by overriding the lieutenant's decision and increasing plaintiff's punishment for a
23 disciplinary violation. Id. at 3.  Plaintiff also alleges that his primary care physician, Matharu,
24 prescribed him suboxone and advised him about the side effects and how to take it, but failed to
25 notify him that it could be considered a controlled substance that could result in a disciplinary
26 violation if plaintiff misused it or it was found in his possession. Id. at 5.  As a result, Manning
27 found plaintiff guilty of possessing a controlled substance and Moseley upheld the guilty finding
28 on appeal and plaintiff "lost 121 days off [his] release date." Id. at 4.

IV.     Claims for Which a Response Will Be Required

Plaintiff's allegations against Altamirano are sufficient to state a claim for retaliation, see Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (retaliation claim must include allegation that defendant took adverse action against plaintiff because of his protected conduct and that the action chilled plaintiff's exercise of First Amendment rights and lacked legitimate correctional goal), and Altamirano will be required to respond if plaintiff decides to proceed without amending the complaint.

V.     Failure to State a Claim

A. Nelson Mandela Rules

Plaintiff alleges that defendants' conduct violated the United Nations Standard Minimum Rules for the Treatment of Prisoners, also known as the Nelson Mandela Rules. ECF No. 1 at 3-5. However,

> [t]he Standard Minimum Rules for the Treatment of Prisoners ("Standard Minimum Rules") . . . fail as a source of justiciable rights. This document was adopted by the First United Nations Congress on the Prevention of Crime and the Treatment of Offenders in 1955 "to set out what is generally accepted as being good principle and practice in the treatment of prisoners and the management of institutions." Standard Minimum Rules ¶ 1. It is not a treaty, and it is not binding on the United States. Even if it were a self-executing treaty, the document does not purport to serve as a source of private rights.

Serra v. Lappin, 600 F.3d 1191 (9th Cir. 2010). Accordingly, any claims based on the violation of the Standard Minimum Rules are not viable.

B. Disciplinary Proceedings

With respect to prison disciplinary proceedings that include the loss of good-time credits, an inmate must receive (1) twenty-four-hour advanced written notice of the charges against him, Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974); (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," id. at 564 (internal quotation marks and citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at

570; and (5) a sufficiently impartial fact finder, id. at 570-71.  A finding of guilt must also be "supported by some evidence in the record."  Superintendent v. Hill, 472 U.S. 445, 454 (1985).

To the extent plaintiff may be attempting to allege that his disciplinary proceedings violated his due process rights, the claim fails.  Furthermore, to the extent plaintiff is attempting to state a due process claims against Moseley for the denial of his appeal, prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure," Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)), and that claim also necessarily fails.

Plaintiff also appears to allege that the disciplinary proceedings violated his Eighth Amendment rights, but he fails to identify the basis for this claim.  Assuming the claim is based on the punishment plaintiff received for the disciplinary violation, "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation," Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and plaintiff has not identified any deprivations that fall outside the normal incidents of prison life, much less ones that would deprive him of the minimal civilized measure of life's necessities, see Sandin v. Connor, 515 U.S. 472, 485 (1995) ("Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law."); Baker v. Walker, No. 08-cv-1370 DAD, 2008 WL 2705025, at *3, 2008 U.S. Dist. LEXIS 54808 (E.D. Cal. July 9, 2008) ("A temporary loss of privileges . . . does not 'present a dramatic departure from the basic conditions' of prison life." (quoting Sandin, 515 U.S. at 486)).

      C.   Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Id. (some internal

5

quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Although plaintiff alleges that Matharu committed malpractice and violated his right to adequate medical care, the allegations fail to demonstrate deliberate indifference. Matharu provided plaintiff with treatment and advised him how to take the medication and of the potential side effects. That Matharu did not advise plaintiff that he could be written up if he misused the medication or was found with it on his person does not establish deficient medical care.[1]

VI.   Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state any cognizable claims Manning, Matharu, and Moseley, and the only cognizable claim against Altamirano is for retaliation. However, it appears that plaintiff may be able to allege facts to remedy some of the defects and he will be given the opportunity to amend the complaint if he desires. Plaintiff may proceed forthwith to serve defendant Altamirano on his retaliation claim or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his retaliation claim against defendant Altamirano without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all claims except the retaliation claim against Altamirano.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

---

[1] The court notes that plaintiff has submitted additional exhibits to the complaint in which he acknowledges that he "signed a consent to only take [the medication] at the window" and that he would not bring it back to the dorm or share it. ECF No. 9 at 15. He therefore knew that taking the medication to his dorm was prohibited, even if he was not aware of the exact consequences such action would have.

connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII.    Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated a claim for retaliation against defendant Altamirano, but you have not stated any other claims for which relief can be granted.

You have a choice to make. You may either (1) proceed immediately on your retaliation claim against Altamirano and voluntarily dismiss the other claims or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all claims against Manning, Matharu, and Moseley and all claims against Altamirano except for the retaliation claim. If you choose to file a first amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.** You must complete the attached

7

notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The January 13, 2023 findings and recommendations (ECF No. 16) are WITHDRAWN.

2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

4. Plaintiff's allegations against defendants Manning, Matharu, and Moseley do not state claims for which relief can be granted. Other than a claim for retaliation, plaintiff has also failed to state any claims against defendant Altamirano.

5. Plaintiff has the option to proceed immediately on his retaliation claim against defendant Altamirano as set forth in Section IV above, or to amend the complaint.

6. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims against defendants Manning, Matharu, and Moseley and all claims against defendant Altamirano except for the retaliation claim.

DATED: January 26, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVELL BUCEAN WILSON,<br><br>             Plaintiff,<br><br>      v.<br><br>TODD MANNING, et al.,<br><br>             Defendants. | No.  2:21-cv-1801 DAD AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his retaliation claim against defendant Altamirano without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all claims against defendants Manning, Matharu, and Moseley and all claims except his retaliation claim against defendant Altamirano pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                         _____
                                                         Trevell Bucean Wilson
                                                         Plaintiff pro se

1